UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 150 SHADY ARBORS, LLC | CIVIL ACTION |
| VERSUS | NO. 22-4752 |
| CERTAIN UNDERWRITERS AT LLOYDS, LONDON, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion filed by Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, the "Insurance Defendants") to compel arbitration and dismiss plaintiff's claims, or in the alternative, stay proceedings.[1] The motion is set for submission on January 26, 2023.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance January 18, 2023. Plaintiff 150 Shady Arbors, LLC, which is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 8.
[2] R. Doc. 8-4.
[3] This matter involves an insurance coverage dispute arising out of damage sustained to plaintiff's property because of Hurricane Ida and a subsequent fire. R. Doc. 1-1 at 7-8. The Insurance Defendants do not dispute that they issued an insurance policy for the property at issue. R. Doc. 8-1 at 2. Instead, they assert that the policy contains a valid arbitration clause falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), as codified in the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208. "In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). The Fifth Circuit has held

IT IS ORDERED that the motion is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent that the Insurance Defendants move the Court to compel arbitration and stay the proceedings. The motion is DENIED to the extent the Insurance Defendants move the Court to dismiss plaintiff's claims.

IT IS FURTHER ORDERED that this matter is stayed and administratively closed until a final resolution of the arbitration proceedings has been rendered and the Court, upon written motion of any party, finds it appropriate to vacate the stay.

New Orleans, Louisiana, this 19th day of January, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

that "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (quotation omitted). Once these factors have been found to exist in a given case, a district court must order arbitration "unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (quotation omitted). In failing to oppose the motion to compel arbitration, plaintiff does not dispute that all four factors have been established. In addition, there is no evidence before the Court indicating that the arbitration provision is null and void, inoperative, or incapable of being performed. Consequently, an order compelling arbitration of the matter is appropriate, and § 3 of the FAA mandates that the Court "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Accordingly, the Court compels arbitration, stays the case pending arbitration, and declines the Insurance Defendants' request to dismiss the plaintiff's claims at this time.